1  Pierce Gore (SBN 128515)
2  Kyla Holcomb Piramoon (SBN 263401)
   PRATT & ASSOCIATES
3  The Pruneyard Tower I
   1901 S. Bascom Avenue, Suite 350
4  Campbell, CA 95008
   Telephone: (408) 369-0800
5  Facsimile: (408) 369-0752

6  Attorneys for Plaintiffs
   MARK HOLCOMB and
7  KAY HOLCOMB

8

9                    UNITED STATES DISTRICT COURT

10               NORTHERN DISTRICT OF CALIFORNIA

11                        SAN JOSE DIVISION

12                                          Case No.
   MARK HOLCOMB and KAY HOLCOMB,
13                                          **COMPLAINT**
                  Plaintiffs,
14                                          **JURY TRIAL DEMANDED**
          v.
15
   MACY'S, INC., MACY'S CREDIT AND
16  CUSTOMER SERVICES, INC.,
   DEPARTMENT STORES NATIONAL BANK
17  and DOES 1-10,

18                Defendants.

19

20        Plaintiffs bring this civil action for actual and punitive damages, injunctive relief, attorneys'

21  fees and costs of suit. Upon personal knowledge as to their own acts, and upon information and

22  belief as to all other matters, Plaintiffs allege the following:

23                        **FACTUAL SUMMARY**

24        1.      For more than thirty years, Plaintiffs were loyal and paying Macy's customers. As

25  Elite Star Rewards cardholders, Plaintiffs paid their Macy's revolving charge balance in full, and on

26  time, every month.

27        2.      On the morning of October 17, 2010, Plaintiff Mark Holcomb fell, sustained head

28  injuries, and was transported to Dominican Hospital in Santa Cruz, California, for treatment. Mr.

                                        -1-

Pratt & Associates

THE PRUNEYARD TOWER I
1901 S. BASCOM AVENUE, SUITE 350
CAMPBELL, CA 95008
TELEPHONE (408) 369-0800
FACSIMILE (408) 369-0752

Pratt & Associates

THE PRUNEYARD TOWER I
1901 S. BASCOM AVENUE, SUITE 350
CAMPBELL, CA 95008
TELEPHONE (408) 369-0800
FACSIMILE (408) 369-0752

1   Holcomb was hospitalized continuously from his admission until his discharge in the late afternoon

2   of October 17.  Before, during and after his hospitalization, Mr. Holcomb was in possession of all

3   of his charge cards, and all of his personal identification.

4       3.    According to Macy's records, on October 17, 2010, an unidentified person used Mr.

5   Holcomb's driver's license *number* and Macy's account *number* to make unauthorized purchases

6   totaling $3,090.04 in merchandise at the Macy's store in the South Coast Plaza shopping center in

7   Costa Mesa, California.  The identity thief did not present Mr. Holcomb's Macy's charge card, or

8   any form of Mr. Holcomb's personal identification, at point of sale.

9       4.    Also on October 17, 2010, an unidentified person used Mr. Holcomb's driver's

10  license number to open accounts in his name and purchase $889.48 in merchandise at Kohl's in

11  Huntington Beach, California, and $2,355.77 in merchandise at Best Buy stores in Westminster,

12  Tustin and West Hollywood, California.  Mr. Holcomb did not authorize anyone to open accounts

13  or make purchases using his driver's license number during his hospitalization.

14      5.    Plaintiffs first learned that Mr. Holcomb's identity had been stolen on or about

15  November 8, 2010, when they received a bill from Kohl's, which included the unauthorized charges

16  made on October 17, 2010.  On November 9, 2011, Plaintiffs notified all three national credit

17  reporting agencies, TransUnion, Experian, and Equifax, that they had been the victims of identity

18  theft, and placed fraud alerts on their credit reports.

19      6.    On November 11 and 12, 2010, Plaintiffs received bills from Best Buy and Macy's,

20  which also included unauthorized charges made on October 17, 2010.  Plaintiffs immediately

21  notified Macy's, Kohl's and Best Buy of the unauthorized charges, and filed a police report on

22  November 18, 2010.  On December 15, 2010, Kohl's and Best Buy dropped the fraudulent charges

23  made to the accounts opened in Mr. Holcomb's name.

24      7.    Macy's, however, refuses to this day to drop the fraudulent charges made to

25  Plaintiffs' account.  As described in detail herein, Plaintiffs cooperated with Macy's fraud

26  investigators from November 12, 2010 to October 15, 2011, timely and completely responding to

27  every request for information.  Apparently unsatisfied, not only did Macy's refuse to drop the

28  fraudulent charges, but Macy's subsequently reported Plaintiffs' account as delinquent to the three

Pratt & Associates

THE PRUNEYARD TOWER I
1901 S. BASCOM AVENUE, SUITE 350
CAMPBELL, CA 95008
TELEPHONE (408) 369-0800
FACSIMILE (408) 369-0752

1   national credit reporting agencies, closed the account, and retained a collections law firm to

2   commence litigation against Plaintiffs.

3       *8.*     Prior to Macy's reporting Plaintiffs' account as delinquent, Mark Holcomb had a

4   credit score of 768, and Kay Holcomb had a credit score of 810.  Presently, Mark Holcomb has a

5   credit score of 657, and Kay Holcomb has a credit score of 662.  *The Macy's account is the only*

6   *derogatory on Plaintiffs' credit report.*

7       9.     Plaintiffs are real estate developers, and finance their business through mortgage

8   loans and lines of credit.  The interest rates that Plaintiffs pay for financing are tied directly to their

9   credit scores.  As a direct result of Macy's damaging Plaintiffs' credit, Plaintiffs have been denied

10   financing, or been offered less favorable rates and terms for financing, than those available to them

11   before Macy's damaged their credit.

12       10.     As their reward for 30 years of customer loyalty, and a perfect payment history,

13   Macy's to this day continues to drag Plaintiffs through a Kafkaesque nightmare of damage to

14   Plaintiffs' credit and livelihood.  Macy's conduct violates federal and California law concerning

15   credit reporting and debt collection.  Plaintiffs seek actual and punitive damages, injunctive relief,

16   interest, attorney's fees and costs of suit.

17                          **THE PARTIES**

18       11.     Plaintiffs Mark and Kay Holcomb are husband and wife who reside in Santa Cruz

19   County, California.

20       12.     Defendant Macy's, Inc. is a Delaware corporation with its primary headquarters

21   operations at 7 West Seventh Street, Cincinnati, Ohio 45202.  Macy's, Inc. owns and operates

22   department stores nationwide under the Macy's and Bloomingdale's names. Macy's, Inc. has more

23   than 50 million proprietary charge accounts on record.

24       13.     Defendant Macy's Credit and Customer Services, Inc., located at 9111 Duke

25   Boulevard, Mason, Ohio, is a subsidiary of Macy's, Inc. that provides credit processing and

26   collections services for credit card accounts used to purchase merchandise at department stores

27   owned and operated by Macy's, Inc.

28       14.     Defendant Department Stores National Bank, located at 701 East 60th Street, Sioux

Falls, South Dakota, issued Plaintiffs' Macy's charge card, and is identified as the creditor on Plaintiffs' monthly Macy's Elite Star Rewards account statements.

15.     At all times described herein, Defendants, and each of them, were acting on their own behalf and as the agents, servants, partners, joint venturers, and employees of each other, and within the scope of their agency, authority and employment.

16.     Plaintiffs do not know the true names and capacities of Does 1-10, inclusive, whether individual, corporate, association, or otherwise and therefore sue those defendants, and each of them, by such fictitious names pursuant to California Code of Civil Procedure § 474. Plaintiffs will amend this Complaint to state their true names and capacities when they have been ascertained.  Each of these Doe defendants was in some manner legally responsible for the events, injuries and damages alleged in this Complaint.

## JURISDICTION AND VENUE

17.     The Court has jurisdiction over the federal claims alleged herein pursuant to 28 U.S.C. § 1331, because they arise under the laws of the United States.

18.     The Court has jurisdiction over the California claims alleged herein pursuant to 28 U.S.C. § 1367, because they form part of the same case or controversy under Article III of the United States Constitution.

19.     Alternatively, the Court has jurisdiction over all claims alleged herein pursuant to 28 U.S.C. § 1332, because the matter in controversy exceeds the sum or value of $75,000, and is between citizens of different States.

20.     The Court has personal jurisdiction over Defendants because a substantial portion of the wrongdoing alleged in this Complaint occurred in California, Defendants are authorized to do business in California, have sufficient minimum contacts with California, and otherwise intentionally avail themselves of the markets in California through the promotion, marketing and sale of merchandise, collection of debts and reporting of credit information in California, sufficient to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

21.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) because a substantial

-4-

Pratt & Associates

THE PRUNEYARD TOWER I
1901 S. BASCOM AVENUE, SUITE 350
S. CAMPBELL CA 95008
TELEPHONE (408) 369-0800
FACSIMILE (408) 369-0752

portion of the wrongdoing alleged in this Complaint occurred in this District.

## INTRADISTRICT ASSIGNMENT

22.     Pursuant to the Northern District of California's Local Rules Nos. 3-2 and 3-5, Plaintiffs request assignment to the San Jose Division of the Northern District of California. Plaintiffs reside in Santa Cruz County and thus a substantial portion of the wrongdoing alleged in this Complaint occurred in Santa Cruz County.

## FACTUAL BACKGROUND

23.     On October 17, 2010, at Macy's South Coast Plaza department stores located at 3333 Bear Street and 3333 Bristol Street, Costa Mesa, California, an unknown and unauthorized individual fraudulently charged $3,090.04 worth of merchandise to Plaintiffs' joint Macy's open-end credit account number XX-XXX-XX4-735-0.  According to Macy's, the identity thief made these purchases using Mark Holcomb's Macy's account and California driver's license numbers, without presenting Plaintiffs' Macy's charge card, or any form of personal identification, at point of sale.  At the time the fraudulent charges were made, Plaintiffs had a credit balance of $549.28 on their Macy's account.

24.     On October 17, 2010, at Best Buy stores in Westminster, West Hollywood, and Tustin, California, an unknown and unauthorized individual fraudulently opened a new charge account in the name of "Mark P. Holcomb, Sr." with an approved credit limit of $2,400.00, and made purchases in the amount of $2,355.77 for various "computers" and "digital communications."

25.     On October 17, 2010, at a Kohl's store in Huntington Beach, California, an unknown and unauthorized individual fraudulently opened a new Kohl's charge account in the name of "Mark Holcomb" and made purchases in the amount of $889.48.

26.     On October 17, 2010, Plaintiff Mark Holcomb was in his Northern California hometown of Santa Cruz County, California, where he was transported by ambulance to the emergency room at Dominican Santa Cruz Hospital after falling on a walk.  He had no knowledge of the fraudulent Southern California charges made in his name.   Attached hereto as Exhibit "A," and incorporated herein, is an American Medical Response Ambulance services invoice, and Dominican Hospital medical records confirming Mark Holcomb's hospitalization on October 17,

Pratt & Associates

THE PRUNEYARD TOWER I
1901 S. BASCOM AVENUE, SUITE 350
S. BASCOM, CA 95008
CAMPBELL, CA 95008
TELEPHONE (408) 369-0800
FACSIMILE (408) 369-0752

2010.

27.     On October 17, 2010, Kay Holcomb was at her family's cattle ranch in Porterville, California. She was with her sister, watching the ranch while their brother was away on a hunting trip in Colorado.  Like Mr. Holcomb, she did not have knowledge of the fraudulent Southern California charges made to Plaintiffs' joint Macy's account.

28.     On or about November 8, 2010, Plaintiffs received a bill from Kohl's Department Store showing a balance of $889.48 for a "purchase at the Huntington Beach Store" on October 17, 2010.  For the first time, plaintiffs realized that they were the victims of identity theft, and immediately contacted Kohl's by telephone to notify Kohl's of the bogus account and unauthorized charges. Attached hereto as Exhibit "B," and incorporated herein, is the Kohl's billing statement reflecting the unauthorized Kohl's charges made on October 17, 2010.

29.     On or about November 9, 2010, Plaintiffs notified the three national credit reporting agencies, TransUnion Consumer Solutions, LLC ("TransUnion"), Experian Information Solutions, Inc. ("Experian"), and Equifax Information Services, LLC ("Equifax"), that they had been the victims of identity theft, and placed fraud alerts on their credit reports.  Attached hereto as Exhibit "C," and incorporated herein, is the confirmation of Fraud Alert from TransUnion, issued on November 9, 2010.

30.     On or about November 11, 2010, Plaintiffs received a bill from Best Buy, showing an account balance of $2,355.77, together with a letter from HSBC Bank Nevada, N.A., regarding merchant Best Buy Co., Inc., stating "we're pleased to let you know that your request for a credit line increase at the above merchant has been approved, with a credit line of $2,400.00.  One thing you will notice is that the credit limit is somewhat below that requested by you or the salesperson who submitted your request at the store….we certainly hope this credit limit is sufficient for your needs…."  Plaintiffs never had an account with Best Buy, and did not at any time open an account with Best Buy. Upon receiving the aforementioned statement and letter, Plaintiffs were put on notice for the first time that a Best Buy account had been fraudulently opened in their name without their knowledge or consent. Plaintiffs immediately contacted Best Buy by telephone to notify Best Buy of the fraudulent charges and identity theft.  Attached hereto as Exhibit "D," and incorporated

Pratt & Associates

THE PRUNEYARD TOWER I
1901 S. BASCOM AVENUE, SUITE 350
CAMPBELL, CA 95008
TELEPHONE (408) 369-0800
FACSIMILE (408) 369-0752

Pratt & Associates

THE PRUNEYARD TOWER I
1901 S. BASCOM AVENUE, SUITE 350
CAMPBELL, CA 95008
TELEPHONE (408) 369-0800
FACSIMILE (408) 369-0752

by reference herein, is the Best Buy Account Statement and letter from HSBC Bank Nevada, N.A.

31.     On November 11, 2010, without knowledge of the fraudulent charges made to her Macy's account on October 17, 2010, Kay Holcomb made legitimate charges in the amount of $241.11 to Plaintiffs' joint Macy's account at the Santa Clara, California, Macy's store.

32.     On or about November 12, 2010, Plaintiffs received an account statement from Macy's describing $3,090.04 worth of purchases made in Southern California on October 17, 2010, and putting Plaintiffs on notice for the first time that fraudulent charges were made to their Macy's charge account without their knowledge or consent.  Plaintiffs immediately contacted the Macy's fraud department at 1-800-884-9168 to notify Macy's of the fraudulent charges, at which time Plaintiff Kay Holcomb closed Plaintiffs' joint Macy's account number XX-XXX-XX4-735-0. Attached hereto as Exhibit "E," and incorporated herein, is the Macy's Elite Star Rewards Account Statement sent from Macy's to Plaintiffs reflecting the fraudulent Macy's charges made on October 17, 2010.

33.     On November 15, 2010, Plaintiffs' wrote a letter to Macy's fraud department stating that they had been the victims of identity theft, and that charges in the amount of $3,090.04 made on October 17, 2010 at South Coast Plaza were not their charges, but that charges made to the account on November 11, 2010, in the amount of $241.11 were their legitimate charges signed by Kay Holcomb, and further requesting that the October 17, 2010 fraudulent charges on their Macy's Elite Star Rewards Account be investigated and removed from their statement.  Attached hereto as Exhibit "F," and incorporated herein, is a copy of Plaintiffs' November 15, 2010 letter to Macy's fraud department.

34.     On November 15, 2010, Plaintiffs received a letter from HSBC Card Services Fraud Department regarding the Best Buy account that was fraudulently opened in their name. The letter stated that a fraud investigation had been opened and asked Plaintiffs to complete a non-responsibility form, submit driver's license photocopies, and cooperate in the investigation.  Mark Holcomb completed the non-responsibility form and submitted a copy of his driver's license on November 18, 2010, fully cooperating in the investigation.  Attached hereto as Exhibit "G" and incorporated herein, are copies of the HSBC Card Services fraud investigation letter and non-

responsibility form submitted by Plaintiff.

35.     On November 18, 2010, Mark Holcomb filed a police report online at www.scsheriff.com, for fraud and identity theft under California Penal Code Section 530.5.  Officer Daniel Cruz completed the report on November 20, 2010. Attached hereto as Exhibit "H," and incorporated herein, is a copy of Plaintiffs' Santa Cruz County Sheriff's Office Crime/Incident Report, Case Number 1011232.

36.     On November 29, 2010, Plaintiffs received a letter from Kohl's Department Store acknowledging notification of unauthorized activity on Kohl's charge account number XXXXXX0300, stating that Kohl's had closed the account and "will work to resolve," and requesting that Plaintiffs complete all pages of an Affirmation, complete all police department information and provide a photocopy of the police report if available.  The letter further stated that Kohl's would initiate a criminal investigation immediately, and that once the matter was resolved, the credit bureaus would "be notified and updated that th[e] account was fraudulent." Attached hereto as Exhibit "I," and incorporated herein, is a copy of the letter from Kohl's Department Store dated November 22, 2010.

37.     On or about November 30, 2010, Plaintiffs received a letter from Macy's Fraud Investigation Department thanking them for their inquiry regarding their account ending in "4735-0," requesting that Plaintiffs complete a fraud investigation form and return it with two forms of identification, and suggesting that Plaintiffs file a police report and alert the three national credit reporting agencies. Attached hereto as Exhibit "J," and incorporated herein, is a copy of the letter from Macy's dated November 24, 2010.

38.     On December 1, 2010, Plaintiffs received a new Macy's charge card in the mail for a new joint account Macy's had opened for Plaintiffs without Plaintiffs' knowledge or consent.  The new Macy's charge account ended in "4735-1," rather than "4735-0." Attached hereto as Exhibit "K," and incorporated herein, is a photocopy of the replacement Macy's charge card Macy's sent to Plaintiffs.

39.     On December 1, 2010, Plaintiffs completed the four page Kohl's Affirmation of unauthorized use form, then faxed a copy to Kohl's at 1-877-553-2005 and mailed a copy to Kohl's

Pratt & Associates

THE PRUNEYARD TOWER I
1901 S. BASCOM AVENUE, SUITE 350
CAMPBELL, CA 95008
TELEPHONE (408) 369-0800
FACSIMILE (408) 369-0752

Pratt & Associates

THE PRUNEYARD TOWER I
1901 S. BASCOM AVENUE, SUITE 350
CAMPBELL, CA 95008
TELEPHONE (408) 369-0800
FACSIMILE (408) 369-0752

in the self-addressed, postage-paid envelope that Kohl's had provided with their original letter. At this time, Plaintiffs had not yet obtained a physical hard copy of their police report, so they made reference to the police report which was filed at the Santa Cruz County Sheriff's office online website located at www.scsheriff.com, report number 10-11232.  Attached hereto as Exhibit "L," and incorporated herein, is a copy of the facsimile transmission sheet sent to Kristie Redlin, Kohl's Fraud Investigator.

40.    On December 3, 2010, Plaintiffs completed the Macy's fraud investigation form and sent it to the attention of "Mr. Budai" at Macy's Credit and Customer Services Fraud Department. Attached hereto as Exhibit "M," and incorporated herein, is a copy of the completed Macy's fraud investigation form.

41.    On or about December 15, 2010, Best Buy and Kohl's dropped the unauthorized charges against Plaintiffs made to those accounts.

42.    On or about December 17, 2010, Plaintiffs received a letter from Matthew S. Budai at Macy's Fraud Investigation Department, thanking them for their written correspondence regarding Macy's Account Number ending in 4735, but stating that they were "unable to resolve the investigation with the documentation received. On the cover letter included with the Statement of Fraud, we request that you return the form with two forms of identification (i.e. driver's license, social security card, work id, etc.) Unfortunately, we did not receive the copies requested.  Please respond to this document with the requested documentation by January 14, 2011. If the requested documentation is not received by this date, we will assume that you have withdrawn your fraud claim and are assuming responsibility for payment on the account."  Attached hereto as Exhibit "N," and incorporated herein, is a copy of the letter from Macy's dated December 14, 2010.

43.    On December 17, 2010, Plaintiffs made a telephone call to the Macy's Fraud Investigation Department in response to Macy's December 14, 2010 letter, and a customer service representative told Plaintiffs that they could fax the requested documentation directly to the Fraud Investigation Department at 1-513-573-2996.  Plaintiffs promptly faxed the requested identification photocopies to the Macy's Fraud Investigation Department.  Attached hereto as Exhibit "O," and incorporated herein, is a copy of Plaintiffs' December 17, 2010 fax to Defendants.

Pratt & Associates

THE PRUNEYARD TOWER I
1901 S. BASCOM AVENUE, SUITE 350
CAMPBELL, CA 95008
TELEPHONE (408) 369-0800
FACSIMILE (408) 369-0752

1    44.    From December 25, 2010, through January 9, 2011, Plaintiffs were out of town with

2    family on a Christmas and New Year's holiday vacation.

3    45.    On or about January 10, 2011, Plaintiffs received a letter from Matthew S. Budai at

4    Macy's Fraud Investigation Department, thanking them for their "recent inquiry on the above-

5    referenced account" (Macy's account number ending in 4735), stating that Macy's "had completed

6    review of [the] claim of unauthorized activity", and that "based upon the investigation on the

7    account, we regret to inform you that we cannot accept your claim of fraud." *The sole reason given*

8    *by Macy's for not accepting Plaintiffs' claim of fraud was that "the driver's license number*

9    *provided at the point of sale matches Mark Holcomb's driver's license."* Attached hereto as

10   Exhibit "P," and incorporated herein, is a copy of the letter from Macy's, dated December 27, 2010.

11   46.    On January 12, 2011, Mark Holcomb called the 1-800-884-9168 number listed on

12   the letter Plaintiffs received from Macy's to discuss the letter and results of the Macy's fraud

13   investigation.  He spoke to a woman named Diane and explained the details regarding the identity

14   theft and fraudulent charges on his joint Macy's account, stated that these charges were not his

15   charges, that he would continue to withhold payment on the account, and that he would not accept

16   Macy's denial of his fraud claim and cursory "investigation."  Diane assured Mr. Holcomb that

17   Macy's would conduct a further investigation and resolve the matter, but that they needed a copy of

18   the police report that Plaintiffs had filed.  At 3:35 PM Pacific Time on Wednesday, January 12,

19   2011, Mr. Holcomb faxed a copy of the police report Plaintiffs had filed with the Santa Cruz

20   County Sheriff to Diane with Macy's Fraud Investigation Department at 1-513-573-2996.  On the

21   facsimile transmission sheet, Mr. Holcomb also noted that he had notified the three national credit

22   reporting agencies, and that both Best Buy and Kohl's had dropped the unauthorized charges made

23   to those accounts on October 17, 2010.  Attached hereto as Exhibit "Q," and incorporated herein, is

24   a copy of facsimile transmission sheet and police report that Mr. Holcomb sent to Diane.

25   47.    In late January and February, 2011, Plaintiffs made follow up calls to Macy's Fraud

26   Investigation Department at 1-800-884-9168 to determine the status of their Macy's account. Each

27   time, Macy's representatives told them that the matter was "still under review," and that they were

28   still "investigating the matter," and that *there was nothing Plaintiffs could do at this time.*

48.     On March 8, 2011, Kay Holcomb had a credit score of 810. Attached hereto as Exhibit "R," and incorporated herein, is a copy of Kay Holcomb's March, 2011 Experian credit report.

49.     On March 8, 2011, Mark Holcomb had a credit score of 768.  Attached hereto as Exhibit "S," and incorporated herein, is a copy of Mark Holcomb's March, 2011 Experian credit report.

50.     On or about March 15, 2011, Plaintiffs received a Macy's account statement stating that they had an unpaid balance of $2,925.94 on Macy's account number XX-XXX-XXX-735-1, and that "payment for the amount due indicated on this statement has not been received on your revolving account. If there is a specific reason you are withholding payment, please let us know. You are a valued customer and we appreciate the opportunity to be of service to you.  Please call 1-800-545-1256.  To make a payment online, visit us at macys.com/paybill." Plaintiffs immediately called the 1-800-545-1256 number listed and advised Macy's personnel of the specific reasons Plaintiffs were withholding payment due to their identity theft, and again explained that the charges were not theirs, that Macy's had been notified numerous times of the circumstances surrounding their case and that Macy's should be aware of Plaintiffs' reasons for withholding payment. Attached hereto as Exhibit "T," and incorporated herein, is a copy of the above referenced Macy's account statement for the billing period ending March 6, 2011.

51.     Plaintiffs continued to withhold payment for the fraudulent charges made to their Macy's account.  On or about March 15, 2011, and without Plaintiffs' knowledge, Macy's reported to the three national credit reporting bureaus that Plaintiffs' joint Macy's account was 30 days past due.

52.     On or about April 15, 2011, and without Plaintiffs' knowledge, Macy's reported to the three national credit reporting bureaus that Plaintiffs' joint Macy's account was 60 days past due.

53.     On or about May 9, 2011, Plaintiffs received a notice from J. Kars of the Macy's collection department indicating a balance of $2,925.94 and amount due of $406.00 on account number XXXXXXXXX3520, and stating "we have not been able to reach you regarding your

Pratt & Associates

THE PRUNEYARD TOWER I
1901 S. BASCOM AVENUE, SUITE 350
CAMPBELL, CA 95008
TELEPHONE (408) 369-0800
FACSIMILE (408) 369-0752

delinquent account.  It is important that the full amount due of $406.00 be paid immediately.  If meeting this obligation is a problem, please call our office to discuss other payment alternatives." The notice further stated "this is an attempt to collect a debt and any information obtained will be used for that purpose," and included a toll free number (1-800-545-1256).  Attached hereto as Exhibit "U," and incorporated herein, is a copy of the Macy's delinquent account notice, dated April 19, 2011.

54.     On or about May 15, 2011, and without Plaintiffs' knowledge, Macy's reported to the three national credit bureaus that Plaintiffs' joint Macy's account was 90 days past due.

55.     On or about May 24, 2011, Plaintiffs called the toll free number listed on their delinquent account statement and spoke to a woman named Donna Snyder.  They again explained that they were the victims of identity theft and that the charges for which Macy's was holding them accountable were fraudulent and not their charges. Plaintiffs further explained that the charges were in dispute and that it was their right to continue to withhold payment until the matter was resolved. Ms. Snyder stated to Plaintiffs that "she would look into the matter and take note of their situation."

56.     On or about June 13, 2011, Plaintiffs received yet another statement from Macy's indicating a delinquent account balance of $3,022.44 for account number XX-XXX-XX4-735-1, including a $35.00 late fee and $61.50 in interest charged. The notice stated "your account is now five months past due and it has been closed.  Please make a payment for the overdue amount on your revolving account at once or contact us promptly concerning a payment arrangement on your account.  Please call 1-800-782-7756.  To make a payment online, visit us at macys.com/paybill. Attached hereto as Exhibit "V," and incorporated herein, is a copy of the above referenced Macy's account statement, dated June 6, 2011.

57.     On or about June 15, 2011, and without Plaintiffs' knowledge, Macy's reported to the three national credit reporting bureaus that Plaintiffs' joint Macy's account was 120 days past due.

58.     On June 22, 2011, Plaintiffs wrote a letter to Macy's Fraud Department stating that Plaintiffs had received a statement stating that they owed $3,022.44 for an account that had fraudulent and unauthorized charges made to it on October 17, 2010.  The letter further stated that

Pratt & Associates

THE PRUNEYARD TOWER I
1901 S. BASCOM AVENUE, SUITE 350
CAMPBELL, CA 95008
TELEPHONE (408) 369-0800
FACSIMILE (408) 369-0752

-12-

Pratt & Associates

THE PRUNEYARD TOWER I
1901 S. BASCOM AVENUE, SUITE 350
CAMPBELL, CA 95008
TELEPHONE (408) 369-0800
FACSIMILE (408) 369-0752

1   Plaintiffs had notified the Macy's fraud department and were told that Macy's would "look into the

2   matter," and that over eight months had passed without resolution.  The letter further stated that

3   Plaintiffs were turning the matter over to their attorney, that they had endured a great deal of stress

4   from the situation, and that they were people who cared deeply about the status of their good credit.

5   Plaintiffs' letter further stated that they had a credit of $308.17 at the time the fraud was discovered,

6   and that when the matter was cleared they expected a check from Macy's for $308.17, plus interest,

7   attorney's fees, and damages for months of inconvenience.  Attached hereto as Exhibit "W," and

8   incorporated herein, is a copy of Plaintiffs' letter to Macy's Fraud Department, dated June 22, 2011.

9          59.    On June 29, 2011, Plaintiffs' attorney, Kyla Piramoon, wrote a letter to Matthew S.

10  Budai of the Macy's Fraud Investigation Department.  She stated that she represented Plaintiffs,

11  explained the facts surrounding the identity theft and unauthorized charges, and demanded that

12  Macy's remove the fraudulent charges from Plaintiffs' account, cease issuing improper billing

13  statements to Plaintiffs, and provide further evidence proving that the charges were indeed

14  Plaintiffs' legitimate account charges. She further noted that neither of the Plaintiffs was in

15  Southern California, and that Mark Holcomb was admitted to the hospital in Santa Cruz, California,

16  on the date of the unauthorized charges. Ms. Piramoon attached copies of Dominican Hospital

17  medical records to her letter.  Attached hereto as Exhibit "X," and incorporated herein, is a copy of

18  Ms. Piramoon's June 29, 2011 letter to Matthew S. Budai at Macy's Fraud Investigation

19  Department.

20         60.    On or about July 12, 2011, Plaintiffs received a letter from Macy's Fraud

21  Investigation Department stating "Thank you for your recent inquiry concerning your Macy's

22  Account XXXXXXX4735. We received your correspondence and want to assure you that a

23  resolution to your claim will be forwarded as quickly as possible.  Although it is Macy's policy to

24  respond to all inquiries promptly, it is possible your next statement will be mailed before we resolve

25  your claim.  Please accept our apologies for any inconvenience this may cause." Attached hereto as

26  Exhibit "Y," and incorporated herein, is a copy of the letter Macy's sent to Plaintiffs dated July 7,

27  2011.

28         61.    On or about July 15, 2011, and without Plaintiffs' knowledge, Macy's reported to

Pratt & Associates

THE PRUNEYARD TOWER I
1901 S. BASCOM AVENUE, SUITE 350
CAMPBELL, CA 95008
TELEPHONE (408) 369-0800
FACSIMILE (408) 369-0752

the three national credit reporting bureaus that Plaintiffs' joint Macy's account was 150 days past due.

62.     On or about July 15, 2011, Ms. Piramoon contacted Macy's Fraud Investigation Department to follow-up on her June 29, 2011 letter, and was told by an account representative that Plaintiffs' account had been sent to collections.

63.     On or about August 15, 2011, and without Plaintiffs' knowledge, Macy's reported to the three national credit reporting bureaus that Plaintiffs' joint Macy's account had been charged off.

64.     On or about August 15, 2011, Plaintiffs received a collections notice from Omni Credit Services of Florida, Inc., stating that their Macy's account Number XXX3519 had been placed with Omni for collection of a $3,118.90 past due Macy's account balance. The notice stated that "unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt …, this office will assume this debt is valid.  If you notify this office in writing within 30 days after receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification."  For the first time, Plaintiffs were notified that "a negative credit agency report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations. *But we will not submit a negative credit report to a credit reporting agency about this credit obligation until the expiration of the time period described in the notice on the front of this letter."*  Attached hereto as Exhibit "Z," and incorporated herein, is a copy of the collection notice from Omni Credit Services of Florida, Inc.

65.     On August 17, 2011, Mark Holcomb made a phone call to Omni Services of Florida, Inc., at the toll free number listed on the collections notice (1-800-670-9944).  He spoke with David Roque at Extension 245, and explained the history and circumstances surrounding the initial October 17, 2010 identity theft, the unauthorized charges made to Plaintiffs' Macy's account, and his great frustration with Macys' handling of the account over the past 10 months. Plaintiff stated to Mr. Roque that the charges were not his charges, that he again disputed the validity of the alleged debt, and that he had done so ever since he was first put on notice that fraudulent charges were

Pratt & Associates

THE PRUNEYARD TOWER I
1901 S. BASCOM AVENUE, SUITE 350
CAMPBELL, CA 95008
TELEPHONE (408) 369-0800
FACSIMILE (408) 369-0752

1    made to his account in November of 2010. Mr. Roque thanked Plaintiff for explaining the situation

2    and after a brief review of the file, stated to Mr. Holcomb that *the file indicated that it was actually*

3    *Kay Holcomb, and not Mark Holcomb, who made the October 17, 2010 charges at Macy's.* Mr.

4    Roque stated that he thought he could help to resolve the matter, but that he needed Plaintiff to fax

5    him further documentation explaining the circumstances surrounding the fraud, including a copy of

6    the police report Plaintiff had filed. Plaintiff agreed and at 11:00AM on August 17, faxed to Mr.

7    Roque at 1-813-849-0914 a twenty page document which included a copy of Plaintiffs' police

8    report, copies of wrongful billing statements Plaintiffs had received, copies of medical records

9    showing Mr. Holcomb's hospitalization on the date the fraudulent charges were made, and copies

10    of letters from his wife and attorney explaining the history of the matter. Attached hereto as

11    Exhibit "AA," and incorporated herein, is a copy of Mark Holcomb's August 17, 2011 fax to David

12    Roque at Omni Credit Services of Florida.

13        66.    On or about September 1, 2011, Plaintiffs applied for a home mortgage refinance

14    through Mason McDuffie Mortgage located in Oakland, California, and were targeting the best rate

15    they could receive at the time, a 5 year ARM or an Interest Only loan instrument at 4.875% interest.

16        67.    On September 8, 2011, Plaintiffs' attorney sent, via certified mail, return receipt

17    requested, a letter to Omni Credit Services of Florida, Macy's Fraud Investigation Department, and

18    Macy's Corporate Services, again disputing the validity of Plaintiffs' Macy's debt, requesting that

19    Defendants cease and desist all further collection efforts or face sanctions under the federal Fair

20    Debt Collection Practices Act and California's Rosenthal Fair Debt Collection Practices Act, and

21    again requesting that Defendants promptly provide documentation proving that Plaintiffs' owed a

22    debt to Macy's. Attached hereto as Exhibit "BB," and incorporated herein, is a copy of Kyla

23    Piramoon's September 8, 2011 letter.

24        68.    On Friday, September 9, 2011, Plaintiffs were informed by their mortgage broker,

25    Doug Drewes of Mason McDuffie Mortgage, that Plaintiffs did not qualify for their less expensive

26    targeted loan because their credit scores had been negatively impacted by a Macy's chargeoff. Mr.

27    Drewes further explained that since March of 2011, Macy's had reported Plaintiffs' account as

28    delinquent, and in August of 2011 reported the account as a "collection/chargeoff," causing the

condition of the account to be reported as a "major derogatory" on Plaintiffs' credit report, and impairing Mark Holcomb's credit score by 111 points and Kay Holcomb's credit score by 148 points. Mark Holcomb's reported credit score had dropped to 657, and Kay Holcomb's reported credit score had dropped to 662. *The Macy's account was the only derogatory on Plaintiffs' credit report.*  Mr. Drewes further stated that the best rate he could obtain for Plaintiffs was a less favorable 4.5% 30 year fixed rate loan, and that Plaintiffs needed at least a 720 credit score to receive the best rates.  Attached hereto as Exhibit "CC," and incorporated herein, is a copy of an email from Doug Drewes to Plaintiffs and Plaintiffs' agent, Susan Harrington, dated September 9, 2011, including copies of Plaintiffs' credit reports.

69.     On September 12, 2011, after receiving knowledge that their credit had been damaged, Plaintiffs disputed the Macy's chargeoff online with the two of the three national consumer credit reporting agencies, Experian and TransUnion. Equifax did not provide an online dispute process. Attached hereto as Exhibit "DD," and incorporated herein, are copies of dispute acknowledgments from Experian and TransUnion.

70.     On or about September 15, 2011, Macy's again reported to the three national credit reporting bureaus that Plaintiffs' joint Macy's account had been charged off.

71.     On September 20, 2011, Plaintiffs received dispute investigation results from TransUnion, stating that the results included "new information below."  The "new information below" was not clear, but was followed by notice that Plaintiffs Macy's "adverse account" had been charged off, and that the debt had been "verified" by TransUnion in September, 2011.  Attached hereto as Exhibit "EE," and incorporated herein, is a copy of TransUnion's investigation results dated September 16, 2011.

72.     On September 20, 2011, Plaintiffs' attorney received a letter from Diane Manny at Macy's Executive office stating that Macy's was "in receipt of [her] inquiry concerning the above-referenced account" (Macy's account ending in 4735), but that they did not have written permission on file to discuss account details with her.  The letter further stated that in order for Macy's to discuss account details, Plaintiffs would need to complete and sign an Authorization to Release Credit Information before any account information could be provided.  Attached hereto as Exhibit

Pratt & Associates

THE PRUNEYARD TOWER I
1901 S. BASCOM AVENUE, SUITE 350
CAMPBELL, CA 95008
TELEPHONE (408) 369-0800
FACSIMILE (408) 369-0752

-16-

"FF," and incorporated herein, is a copy of the letter and Authorization to Release Credit Information from Macy's.

73.     On September 27, 2011, Kyla Piramoon sent a letter to Diane Manny of Macy's which included her clients' Authorization to Release Credit Information.  Attached hereto as Exhibit "GG," and incorporated herein, is a copy of the letter and completed Authorization to Release Credit Information sent to Macy's.

74.     On September 29, 2011, Mark Holcomb received an e-mail message entitled "Your Experian Dispute Results are Ready" from Experian.  The investigation results again reported Plaintiffs' Macy's account as charged off, that $3,119 was "past due as of Sep 2011," and that "*this account is scheduled to continue on record until Dec 2017*."     The report further identified Plaintiffs' Macy's account as a "potentially negative item or item for further review," and stated that Plaintiffs' account had been "updated." A note under account "status details" stated that "this item was updated from our processing of your dispute in September 2011." This appeared to be the only change made to Plaintiffs' Experian credit report as a result of Experian's investigation. Attached hereto as Exhibit "HH," and incorporated herein, is a copy of the Experian Dispute/Investigation results dated September 29, 2011.

75.     On September 29, 2011, Kyla Piramoon sent letters to the three national credit reporting agencies disputing the wrongful Macy's chargeoff and requesting that the Macy's chargeoff be blocked from Plaintiffs' credit reports. Attached hereto as Exhibit "II," and incorporated herein, are copies of the letters sent to Equifax, Experian, and TransUnion.

76.     On September 29, 2011, Plaintiffs received a letter from Hunt & Henriques, Attorneys at Law, making a formal demand for the "entire outstanding balance" of $3,118.90 on joint Macy's account number XXXXXXX4735.  The letter stated that "our client considers this to be a serious matter.  A legal proceeding is a matter of public record.  If a lawsuit is filed, the local court could enter a judgment against you for the entire balance of your account plus, to the extent provided in your account agreement and permitted by law, attorney's fees, court costs and interest. If a judgment is entered against you, it may appear on your credit record for up to seven (7) years and may affect your ability to obtain credit, employment and/or housing."   Attached hereto as

Pratt & Associates

THE PRUNEYARD TOWER I
1901 S. BASCOM AVENUE, SUITE 350
CAMPBELL, CA 95008
TELEPHONE (408) 369-0800
FACSIMILE (408) 369-0752

-17-

Pratt & Associates

THE PRUNEYARD TOWER I
1901 S. BASCOM AVENUE, SUITE 350
CAMPBELL, CA 95008
TELEPHONE (408) 369-0800
FACSMILE (408) 369-0752

Exhibit "JJ," and incorporated herein, is a copy of Michael S. Hunt and Janalie Henriques' letter dated September 23, 2011, and received by Plaintiffs on September 29, 2011.

77.     On September 30, 2011, Plaintiffs wrote a letter to dispute the unauthorized Macy's charges on their credit report with Equifax. Attached hereto as Exhibit "KK," and incorporated herein, is a copy of the letter Plaintiffs sent to Equifax.

78.     On October 11, 2011, Plaintiffs' attorney, Kyla Piramoon, received a letter from Dianne Manny in Macy's Executive Office regarding "Mark and Kay Holcomb, Macy's Account ending in 4735," advising Ms. Piramoon that her client's "account is currently placed with Hunt & Henriques, an outside attorney agency.  You may contact Hunt & Henriques at 1-408-362-2270 to discuss the account and establish payment arrangements or a mutually acceptable settlement amount.  Because your client's account is assigned to an outside attorney agency, *we are unable to review your settlement offer*. We grant the attorney agencies authorization to negotiate settlements and repayment plans.  Please direct all further questions to Hunt & Henriques."  To date, at no time did Plaintiffs make a settlement offer to Defendants. Attached hereto as Exhibit "LL," and incorporated herein, is a copy of Macy's letter to Kyla Piramoon dated October 6, 2011.

79.     To date, Defendants have failed and refused to conduct a reasonable investigation of Plaintiffs' identity theft, to repair the damage to Plaintiffs' credit that resulted from Defendants' false and misleading credit reporting, or to restore to Plaintiffs the credit balance in their Macy's account that Defendants wrongfully applied to charges that Plaintiffs did not incur.

## FIRST CAUSE OF ACTION
### (15 United States Code §§ 1681, *et seq.*)

80.     Plaintiffs reallege and incorporate, as if fully alleged herein, each of the allegations contained in the preceding paragraphs of this Complaint, and further allege as follows.

81.     Plaintiffs provided notice to Equifax, Experian and TransUnion pursuant to 15 U.S.C. § 1681i(a)(1)(A) of a dispute with regard to the completeness or accuracy of information provided by Defendants to consumer reporting agencies, within the meaning of 15 U.S.C. § 1681s-2(b)(1).

82.     Defendants violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct an

-18-

investigation with respect to the disputed information.

83.     Defendants violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

84.     Defendants violated 15 U.S.C. § 1681s-2(b)(1)(C) by failing to report the results of the investigation to the consumer reporting agencies.

85.     Defendants violated 15 U.S.C. § 1681s-2(b)(1)(D) by, after investigation and upon a finding that the information was incomplete or inaccurate, reporting those results to all consumer reporting agencies to which Defendants furnished the information and that compile and maintain files on consumers on a nationwide basis.

86.     Defendants violated 15 U.S.C. § 1681s-2(b)(1)(E) by, after finding that an item of information disputed by Plaintiffs was inaccurate, incomplete, or could not be verified after reinvestigation under 15 U.S.C. § 1681s-2(b)(1), failing to modify, delete or permanently block the reporting of that item of information.

87.     Defendants violated 15 U.S.C. § 1681s-2(b)(2) by failing to complete all investigations, reviews, and reports required under 15 U.S.C. § 1681s-2(b)(1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 15 U.S.C. § 1681i(a)(1) within which the consumer reporting agency is required to complete actions required by that section regarding that information.

88.     Defendants violated 15 U.S.C. § 1681n(a) by willfully failing to comply with the requirements imposed under 15 U.S.C. §§ 1681 *et seq*. with respect to Plaintiffs, and are liable to Plaintiffs in an amount equal to the sum of (1) any actual damages sustained by Plaintiffs as a result of the failure or damages of not less than $100 and not more than $1,000; (2) such amount of punitive damages as the court may allow; and (3) the costs of the action together with reasonable attorney's fees as determined by the court.

89.     Defendants violated 15 U.S.C. § 1681o(a) by negligently failing to comply with the requirements imposed under 15 U.S.C. §§ 1681 *et seq*. with respect to Plaintiffs, and are liable to Plaintiffs in an amount equal to the sum of (1) any actual damages sustained by Plaintiffs as a result of the failure; and (2) the costs of the action together with reasonable attorney's fees as determined

Pratt & Associates

THE PRUNEYARD TOWER I
1901 S. BASCOM AVENUE, SUITE 350
CAMPBELL, CA 95008
TELEPHONE (408) 369-0800
FACSIMILE (408) 369-0752

by the court.

## SECOND CAUSE OF ACTION
### (15 United States Code §§ 1601, *et seq.*, 12 Code of Federal Regulations §§ 226, *et seq.*)

90.     Plaintiffs reallege and incorporate, as if fully alleged herein, each of the allegations contained in the preceding paragraphs of this Complaint, and further allege as follows.

91.     The Fair Credit Billing Act (15 U.S.C. §§ 1601, *et seq.*), is a federal statute that, together with its implementing regulations, known as "Regulation Z," (12 C.F.R. §§ 226 *et seq.*), sets forth procedures to be followed when a creditor receives notice from a consumer of an alleged billing error in the consumer's credit card account.

92.     The Macy's Defendants are creditors who offer and operate open end consumer credit plans, and honor credit cards within the meaning of the 15 U.S.C. § 1602(f), 15 U.S.C. § 1602(i), and 12 C.F.R. § 226.12(c)(3)(A).

93.     Defendant Department Stores National Bank, as credit card issuer for the Macy's Defendants within the meaning of 15 U.S.C. § 1602(n), is a creditor for an open-end credit plan involving a credit card within the meaning of 15 U.S.C. § 1602(f)(1), 15 U.S.C. § 1602(f)(2), and 15 U.S.C. §1602(i).

94.     Plaintiffs Mark and Kay Holcomb are consumer credit cardholders who had an open end consumer credit plan with Defendants, within the meaning of 15 U.S.C. § 1602(h) and 15 U.S.C. § 1602(i).

95.     Plaintiffs were the victims of unauthorized use of their credit card account by a person other than the cardholders who did not have actual, implied, or apparent authority for such use and from which the cardholders received no benefit, as defined in 15 U.S.C. § 1602(o) and 12 C.F.R. § 226.12(b).

96.     Plaintiffs identified a billing error, or a reflection on a statement of an extension of credit which was not made to Plaintiffs, or to a person who had actual, implied, or apparent authority to use Plaintiffs' credit card or open-end credit plan within the meaning of 15 U.S.C. § 1666(b)(1) and 12 C.F.R. § 226.13(a)(1), on their November 6, 2010 Macy's account statement, received on or about November 12, 2010.

Pratt & Associates

THE PRUNEYARD TOWER I
1901 S. BASCOM AVENUE, SUITE 350
CAMPBELL, CA 95008
TELEPHONE (408) 369-0800
FACSIMILE (408) 369-0752

97.     Plaintiffs withheld payment up to the amount of credit outstanding for the property or services that gave rise to the dispute and any finance or other charges imposed on that amount, within the meaning of 12 C.F.R. § 226.12(c)(1).

98.     Plaintiffs withheld payment of any portion of any required payment by Defendants that Plaintiffs believed was related to the disputed amount (including related finance or other charges) until Plaintiffs' billing error was resolved under 12 C.F.R. § 226.13(f), within the meaning of 12 C.F.R. § 226.13(d)(1).

99.     Plaintiffs made a good faith attempt to resolve satisfactorily the dispute with Defendants within the meaning of 12 C.F.R. § 226.12(c)(3)(i)(A) and 15 U.S.C. § 1666(i)(a)(1). The amount of credit extended to obtain the property or services that resulted in the assertion of the claim or defense by Plaintiffs exceeds $50, and the disputed transaction occurred in the same state as Plaintiffs' current designated address, within the meaning of 12 C.F.R. § 226.12(c)(3)(i)(B) and 15 U.S.C. § 1666(i)(a)(2) and 15 U.S.C. § 1666(i)(a)(3).

100.    Within sixty days after Defendants transmitted the first statement of account in connection with an extension of consumer credit that reflected the alleged billing error, Plaintiffs provided to Defendants a written billing error notice in which Plaintiffs (1) set forth or otherwise enabled Defendants to identify the name and account number of Plaintiffs, (2) indicated Plaintiffs' belief that the statement contained a billing error and the amount of such billing error, and (3) set forth the reasons for Plaintiffs' belief (to the extent applicable) that the statement contained a billing error, within the meaning of 15 U.S.C. § 1666(a), 15 U.S.C. § 1666(b), and 12 C.F.R. 226.13(b)(1)-(3). Plaintiffs' written billing error notice was received by Defendants at the address disclosed by Defendants under 15 U.S.C. § 1637(b)(10) and 12 C.F.R. 226.7(b)(9).

101.    Defendants violated 15 U.S.C. § 1666(a) by taking action to collect the amount indicated by Plaintiffs to be a billing error, prior to conducting an investigation and prior to providing copies of documentary evidence of Plaintiff's indebtedness upon Plaintiff's request as required under 15 U.S.C. § 1666(a)(B)(ii).

102.    Defendants violated 15 U.S.C. § 1666(a)(B)(ii) by failing to conduct an investigation of Plaintiffs' fraud claim, and by failing to provide copies of documentary evidence of Plaintiffs'

-21-

Pratt & Associates

THE PRUNEYARD TOWER I
1901 S. BASCOM AVENUE, SUITE 350
CAMPBELL, CA 95008
TELEPHONE (408) 369-0800
FACSIMILE (408) 369-0752

indebtedness upon Plaintiffs' request.

103.    Defendants violated 15 U.S.C. § 1666(c) by sending statements of account to Plaintiffs following written notice from Plaintiffs under 15 U.S.C. § 1666(a), without indicating that the payment of such amount was not required pending Defendants' compliance with 15 U.S.C. § 1666(c)(2).

104.    Defendants violated 15 U.S.C. § 1666(d) by, prior to the sending of the written explanation or clarification required under 15 U.S.C. § 1666(B)(ii), closing an account with respect to which the Plaintiffs had indicated pursuant to 15 U.S.C. 1666(a) that they believed to have contained a billing error, solely because of Plaintiff's failure to pay the amount indicated to be in error.

105.    Defendants violated 12 C.F.R. § 226.12(c)(1) by, after honoring Plaintiffs' credit card, failing to resolve satisfactorily a dispute as to property or services purchased with the credit card in a consumer credit transaction.

106.    Defendants violated 12 C.F.R. § 226.12(c)(2) by reporting the amount of credit outstanding for the disputed transaction as delinquent during the time period in which Plaintiffs withheld payment, and before the dispute was settled or judgment was rendered.

107.    Defendant Department Stores National Bank violated 12 C.F.R. 226.12(d)(1) by taking action, either before or after termination of credit card privileges, to offset Plaintiffs' indebtedness arising from a consumer credit transaction under the relevant credit card plan against funds of Plaintiffs held on deposit with Defendant.

108.    Defendants violated 12 C.F.R. § 226.13(c)(2) by failing to comply with the appropriate resolution procedures of 12 C.F.R. § 226.13(f), within 2 complete billing cycles (but in no event later than 90 days) after Defendants received a billing error notice from Plaintiffs.

109.    Defendants violated 12 C.F.R. § 226.13(d)(1) by attempting to collect and collecting any portion of any required payment that Plaintiffs believed was related to the disputed amount (including related finance or other charges), before the billing error was resolved under 12 C.F.R. § 226.13(f), within the meaning of 12 C.F.R. § 226.13(d).

110.    Defendants violated 12 C.F.R. § 226.13(d)(2) by directly or indirectly making or

Pratt & Associates

THE PRUNEYARD TOWER I
1901 S. BASCOM AVENUE, SUITE 350
CAMPBELL, CA 95008
TELEPHONE (408) 369-0800
FACSIMILE (408) 369-0752

threatening to make an adverse report to any person about Plaintiffs' credit standing, or reporting that an amount or account of Plaintiffs was delinquent, because Plaintiffs failed to pay the disputed amount or related finance or other charges.

111.   Defendants violated 12 C.F.R. § 226.13(f) by failing to conduct a reasonable investigation after receiving a billing error notice from Plaintiffs within the meaning of 12 CFR 226.13(b), and by failing to comply with the appropriate billing error resolution procedures of 12 C.F.R. § 226.13(f), as mandated by 12 C.F.R. § 226.13(c)(1)-(2).

112.   Defendants violated 12 C.F.R. § 226.13(f)(1) by failing to mail or deliver to Plaintiffs an explanation setting forth the reasons for the creditor's belief that the billing error alleged by Plaintiffs was incorrect in whole or in part.

113.   Defendants violated 12 C.F.R. § 226.13(f)(2) by failing to furnish copies of documentary evidence of Plaintiffs' indebtedness upon Plaintiff's request.

114.   Defendants violated 12 C.F.R. § 226.13(g)(4) by reporting that an amount or account was delinquent because the amount due under 12 C.F.R. § 226.13(g)(1) remained unpaid, when Defendant received (within the time allowed for payment under 12 C.F.R. § 226.13(g)(3)) further written notice from Plaintiffs that the billing error was in dispute, without also promptly reporting that the amount or account was in dispute within the meaning of 12 C.F.R. § 226.13(g)(4)(i); mailing or delivering to Plaintiffs (at the same time the report was made) a written notice of the name and address of each person to whom Defendants made a report within the meaning of 12 C.F.R. § 226.13(g)(4)(ii); and promptly reporting any subsequent resolution of the reported delinquency to all persons to whom Defendants had made a report within the meaning of 12 C.F.R. § 226.13(g)(4)(iii).

115.   As a result of the foregoing, Plaintiffs have been injured, and have lost money or property, and are entitled to relief.

### THIRD CAUSE OF ACTION
**(California Civil Code § 1785.25(a))**

116.   Plaintiffs reallege and incorporate, as if fully alleged herein, each of the allegations contained in the preceding paragraphs of this Complaint, and further allege as follows.

Pratt & Associates

THE PRUNEYARD TOWER I
1901 S. BASCOM AVENUE, SUITE 350
CAMPBELL, CA 95008
TELEPHONE (408) 369-0800
FACSIMILE (408) 369-0752

117.    Defendants violated Civil Code §1785.25(a) by furnishing information on a specific transaction to consumer credit reporting agencies when Defendants knew or should have known that the information was incomplete or inaccurate.

118.    As a result of the foregoing, Plaintiffs have been injured, and have lost money or property, and are entitled to relief.

### FOURTH CAUSE OF ACTION
**(Defamation)**

119.    Plaintiffs reallege and incorporate, as if fully alleged herein, each of the allegations contained in the preceding paragraphs of this Complaint, and further allege as follows.

120.    Beginning on March 15, 2011, and on the 15th of April through July 2011, inclusive, Defendants reported to Experian, Equifax and TransUnion that Plaintiffs' Macy's account was delinquent.  On the 15th of August and September, 2011, Defendants reported to Experian, Equifax and TransUnion that Plaintiffs' Macy's account had been charged off as a result of the previously-reported delinquencies.

121.    Each of Defendants' derogatory reports to Experian, Equifax and TransUnion concerning Plaintiffs' Macy's account contained provably false and misleading statements of fact, because Plaintiffs did not incur the charges that were the sole basis for the reported delinquency and chargeoff.

122.    When Defendants made their false and misleading statements concerning Plaintiffs, Defendants knew or should have known of the identity theft in Plaintiffs' Macy's account on October 17, 2010, and that Defendants' derogatory reports to Experian, Equifax and TransUnion concerning Plaintiffs were false and misleading.

123.    Defendants furnished provably false and misleading information concerning Plaintiffs to Experian, Equifax and TransUnion with malice or willful intent to injure Plaintiffs, within the meaning of 15 U.S.C. § 1681h(e).

124.    As a result of the foregoing, Plaintiffs have been injured, and have lost money or property, and are entitled to relief.

Pratt & Associates

THE PRUNEYARD TOWER I
1901 S. BASCOM AVENUE, SUITE 350
CAMPBELL, CA 95008
TELEPHONE (408) 369-0800
FACSIMILE (408) 369-0752

**FIFTH CAUSE OF ACTION**
**(Negligent Misrepresentation)**

125.    Plaintiffs reallege and incorporate, as if fully alleged herein, each of the allegations contained in the preceding paragraphs of this Complaint, and further allege as follows.

126.    Beginning on March 15, 2011, and on the 15th of April through July 2011, inclusive, Defendants reported to Experian, Equifax and TransUnion that Plaintiffs' Macy's account was delinquent.  On the 15th of August and September, 2011, Defendants reported to Experian, Equifax and TransUnion that Plaintiffs' Macy's account had been charged off as a result of the previously-reported delinquencies.

127.    Each of Defendants' derogatory reports to Experian, Equifax and TransUnion concerning Plaintiffs' Macy's account contained provably false and misleading statements of fact, because Plaintiffs did not incur the charges that were the sole basis for the reported delinquency and chargeoff.

128.    When Defendants made their false and misleading statements concerning Plaintiffs, Defendants had no reasonable basis for believing that their false and misleading statements concerning Plaintiffs were true.

129.    As a result of the foregoing, Plaintiffs have been injured, and have lost money or property, and are entitled to relief.

**SIXTH CAUSE OF ACTION**
**(15 United States Code §§ 1692, *et seq*.)**

130.    Plaintiffs reallege and incorporate, as if fully alleged herein, each of the allegations contained in the preceding paragraphs of this Complaint, and further allege as follows.

131.    Defendants violated 15 U.S.C. § 1692e by using false, deceptive, and misleading representations and means in connection with the collection from Plaintiffs a debt that Plaintiffs did not owe to Defendants.

132.    Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely representing to Plaintiffs the character, amount, and legal status of a debt that Plaintiffs did not owe to Defendants.

133.    Defendants violated 15 U.S.C. § 1692e(8) by communicating to any person credit

-25-

Pratt & Associates

THE PRUNEYARD TOWER I
1901 S. BASCOM AVENUE, SUITE 350
CAMPBELL, CA 95008
TELEPHONE (408) 369-0800
FACSIMILE (408) 369-0752

information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

134.    Defendants violated 15 U.S.C. § 1692e(10) by using false representations or deceptive means to collect or attempt to collect a debt.

135.    Defendants violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect from Plaintiffs a debt that Plaintiffs did not owe to Defendants.

136.    Defendants violated 15 U.S.C. § 1692f(1) by collecting from Plaintiffs an amount (including interest, fees, charges, and expenses incidental to the principal obligation) which was not expressly authorized by the agreement creating the debt or permitted by law.

137.    As a result of the foregoing, Plaintiffs have been injured, and have lost money or property, and are entitled to relief.

## SEVENTH CAUSE OF ACTION
### (California Civil Code §§ 1788, *et seq.*)

138.    Plaintiffs reallege and incorporate, as if fully alleged herein, each of the allegations contained in the preceding paragraphs of this Complaint, and further allege as follows.

139.    Plaintiffs are debtors within the meaning of Civil Code § 1788.2(h).

140.    Defendants are debt collectors within the meaning of Civil Code § 1788.2(c).

141.    Defendants violated Civil Code § 1788.13(e) by falsely representing to Plaintiffs that Plaintiffs' consumer debt to Defendants may be increased by the addition of attorney's fees, investigation fees, service fees, finance charges, or other charges when, in fact, such fees or charges may not legally be added to a consumer debt that directly resulted from an identity theft that Plaintiffs reported to Defendants, which debt Plaintiffs did not owe to Defendants.

142.    Defendants violated Civil Code § 1788.14(b) by attempting to collect from Plaintiffs the whole or any part of the debt collector's fee or charge for services rendered, or other expense incurred by the debt collector in the collection of a consumer debt that directly resulted from an identity theft that Plaintiffs reported to Defendants, which debt Plaintiffs did not owe to Defendants.

143.    Defendants violated Civil Code § 1788.14(c) by initiating communications, other

Pratt & Associates

THE PRUNEYARD TOWER I
1901 S. BASCOM AVENUE, SUITE 350
CAMPBELL, CA 95008
TELEPHONE (408) 369-0800
FACSIMILE (408) 369-0752

-26-

than statements of account, with Plaintiffs with regard to Plaintiffs' consumer debt to Defendants, after Defendants had been notified by Plaintiffs' attorney that Plaintiffs were and are represented by such attorney with respect to the consumer debt, and such notice included the attorney's name and address and a request by Plaintiffs' attorney that all communications regarding the consumer debt be addressed to Plaintiffs' attorney.

144.    Defendants violated Civil Code § 1788.17 by failing and refusing to comply with §§ 1692b to 1692j, inclusive, of Title 15 of the United States Code, as alleged more fully in this Complaint.

145.    Defendants violated Civil Code § 1788.18(a)-(d) by failing and refusing to make a good faith determination that the police report, written statement concerning identity theft, supporting documents and certification provided by Plaintiffs to Defendants establishes that Plaintiffs are not responsible for the specific debt in question.

146.    Defendants violated Civil Code § 1788.18(d) by determining that Plaintiffs owe to Defendants a debt that directly resulted from an identity theft that Plaintiffs reported to Defendants, which determination was not made in a manner consistent with the provisions of 15 U.S.C. § 1692f(1), as incorporated by Civil Code § 1788.17, and was not based on all of the information provided by Plaintiffs and other information available to Defendants in their files.

147.    As a result of the foregoing, Plaintiffs have been injured, and have lost money or property, and are entitled to relief.

### EIGHTH CAUSE OF ACTION
**(California Business & Professions Code §§ 17200, *et seq.*)**

148.    Plaintiffs reallege and incorporate, as if fully alleged herein, each of the allegations contained in the preceding paragraphs of this Complaint, and further allege as follows.

149.    Defendants' credit reporting practices concerning Plaintiffs, as alleged herein, violated 15 U.S.C. §§ 1681, *et seq.*, 15 U.S.C. §§ 1601, *et seq.*, 12 Code of Federal Regulations §§ 226, *et seq.*, California Civil Code § 1785.25(a), and constitute unlawful, unfair and fraudulent business practices in violation of California Business & Professions Code §§ 17200, *et seq.*

150.    Defendants' debt collection practices concerning Plaintiffs, as alleged herein,

COMPLAINT

violated 15 U.S.C. §§ 1692, *et seq.*, California Civil Code §§ 1788, *et seq.*, and constitute unlawful, unfair and fraudulent business practices in violation of California Business & Professions Code §§ 17200, *et seq.*

151. As a result of the foregoing, Plaintiffs have been injured, and have lost money or property, and are entitled to relief.

## PRAYER FOR RELIEF

Plaintiffs request that the Court order the following relief and enter judgment against Defendants, and each of them, as follows:

A. An injunction ordering Defendants to: (1) conduct a reasonable investigation of Plaintiffs' identity theft; (2) repair the damage to Plaintiffs' credit that resulted from Defendants' false and misleading credit reporting; and (3) restore to Plaintiffs the credit balance in their Macy's account that Defendants wrongfully applied to charges that Plaintiffs did not incur;

B. A judgment awarding Plaintiffs actual and compensatory damages in an amount according to proof for Defendants' wrongful conduct alleged under all causes of action herein entitling Plaintiffs to actual and compensatory damages;

C. A judgment awarding Plaintiffs punitive damages for Defendants' wrongful conduct alleged under all causes of action herein entitling Plaintiffs to punitive damages;

D. Pre-judgment and post-judgment interest;

E. Attorneys' fees and the costs of this action; and

F. All other and further relief as the Court deem necessary, just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury for all issues so triable under the law.

Dated: October 18, 2011                    PRATT & ASSOCIATES


                                           By:___/s/ Pierce Gore_____
                                                Pierce Gore
                                                Attorneys for Plaintiffs
                                                MARK HOLCOMB and
                                                KAY HOLCOMB

**Pratt & Associates**

THE PRUNEYARD TOWER I
1901 S. BASCOM AVENUE, SUITE 350
CAMPBELL, CA 95008
TELEPHONE (408) 369-0800
FACSIMILE (408) 369-0752