1  Pierce Gore (SBN 128515)
   Kyla Holcomb Piramoon (SBN 263401)
2  PRATT & ASSOCIATES
   The Pruneyard Tower I
3  1901 S. Bascom Avenue, Suite 350
4  Campbell, CA  95008
   Telephone:  (408) 369-0800
5  Facsimile:  (408) 369-0752
   pgore@prattattorneys.com
6  kpiramoon@prattattorneys.com

7  Attorneys for Plaintiffs
   MARK HOLCOMB and
8  KAY HOLCOMB

9  HANSON BRIDGETT LLP
10 LAWRENCE M. CIRELLI, SBN 114710
   EMILY M. CHARLEY, SBN 238542
11 425 Market Street, 26th Floor
   San Francisco, California 94105
12 Telephone:     (415) 777-3200
   Facsimile:     (415) 541-9366
13 lcirelli@hansonbridgett.com
   echarley@hansonbridgett.com
14

15 Attorneys for Defendants MACY'S, INC.,
   MACY'S CREDIT AND CUSTOMER
16 SERVICES, INC., and DEPARTMENT
   STORES NATIONAL BANK
17
                    UNITED STATES DISTRICT COURT
18
           NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION
19

20

21 MARK HOLCOMB and KAY HOLCOMB,          CASE NO. CV 11-05099 LHK

22              Plaintiffs,              STIPULATED PROTECTIVE ORDER

23       v.

24 MACY'S, INC., MACY'S CREDIT AND
25 CUSTOMER SERVICES, INC.,
   DEPARTMENT STORES NATIONAL
26 BANK and DOES 1-10,

27              Defendants.

28

The discovery, pretrial and trial phases of this action may involve disclosure of confidential and proprietary business and financial information.

THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the parties, by and through their undersigned attorneys of record, as follows:

1.    Certain information that has been or may be disclosed in connection with this action may constitute proprietary or confidential information.

2.    "Confidential Information" as used herein refers to any information that is conveyed in connection with this action by any party that claims, in good faith, constitutes or contains financial or other business or trade secret information of a proprietary, confidential, or commercially sensitive nature, or information invasive of an individual's legitimate privacy interests.   Confidential Information includes:

(a)    Information set forth in response to discovery requests, provided that prior to disclosure to the receiving party through its counsel, the responses are unobtrusively marked by the conveying party with:

CONFIDENTIAL

Subject to Protective Order

or similar legend[s] agreed upon by the parties;

(b)    Information set forth in documents produced in response to a request for production, provided that prior to or at the time of production to the receiving party through its counsel, the conveying party designates such documents as Confidential Information or marks copies of such documents with a legend as set forth in subparagraph (a) above;

A conveying party which produces documents from its files for inspection and selection for copying by a receiving party through its counsel may require that, during the course of production, such documents only be reviewed by person authorized to receive Confidential Information pursuant to Paragraph 4 of this Order, and any copies, reproductions, summaries, excerpts, compilations, notes, or information obtained or generated by such reviewers during the course of production shall be treated as Confidential Information designated for access only as

1 | contemplated by Paragraph 4;

2 |       (c)    Information disclosed during depositions, provided that counsel, the
3 | witness, or the party whose Confidential Information is to be or was disclosed, states on the record
4 | at the deposition what is to be treated as Confidential Information. Additionally, a party or non-
5 | party may designate such Confidential Information in writing within thirty (30) days of the
6 | completion of the transcript of such deposition (as certified by the court reporter). After any such
7 | written designation, counsel for all the parties shall be responsible for marking the designated
8 | material in all previously unmarked copies of transcripts with a legend as set forth in
9 | subparagraph (a) above. If any information or exhibit that has already been disseminated is
10 | designated as confidential within thirty (30) days of the completion of the deposition transcript,
11 | the party responsible for disseminating the information or document shall contact the receiver of
12 | the confidential information or document and request that the recipient either return the document
13 | or, if possible, the information or agree to and follow the procedures outlined in section 7 below.
14 | The recipient of the confidential document or information shall be informed that the information is
15 | confidential and should not be disclosed to anyone else. The designating party shall be informed
16 | of the particulars regarding disclosure of such information or document;

17 |       (d)    Any other information conveyed by the conveying party to the receiving
18 | party directly or through its counsel that the conveying party claims in good faith to be its
19 | financial or other business or trade secret information of a proprietary, confidential, or
20 | commercially sensitive nature, or information invasive of an individual's legitimate privacy
21 | interests, provided that, prior to disclosure to the receiving party through its counsel, the
22 | information, if in written or other tangible form, is marked by the conveying party with one of the
23 | legends set forth in subparagraph (a) and if in oral or other intangible form, is identified as
24 | Confidential Information and, if practical within thirty (30) days after disclosure is reduced to
25 | written form which bears one of the notices set forth above;

26 |       (e)    In addition, a party other than the conveying party may designate as
27 | Confidential Information any information that a party claims, in good faith, to be its financial or
28 | other business or trade secret information of a proprietary, confidential, or commercially sensitive

nature, or information invasive of an individual's legitimate privacy interests, provided that the conveying party originally received the Confidential Information in question from the party seeking the designation. Such designation shall be made by giving written notice to all parties to this action. All parties shall then mark the designated documents with a legend as set forth in paragraph (a) above;

(f)     Copies, reproductions, notes, summaries, excerpts, and compilations of or referring to any information set forth in subsections (a) through (e) inclusive, above.

3.     If any information that a conveying party claims in good faith is Confidential Information is inadvertently disclosed to a receiving party without being properly designated as Confidential Information, the designating party may notify each receiving party that such Confidential Information was inadvertently not designated, provided the conveying party gives such notice in writing as soon as reasonably possible after becoming aware that the Confidential Information was not properly designated. Such written notice shall identify with specificity the information or documents the designating party is then designating to be Confidential Information. If the designating party gives such written notice as provided above, its claims of confidentiality shall not be deemed to have been waived by its failure to designate properly the information as Confidential Information prior to disclosure. Upon receipt of written notice as provided for herein, the receiving party shall mark the original and all known copies of the documents with the proper designation. In addition, the receiving party shall use its best efforts to ensure that the information that was inadvertently disclosed is thereafter restricted to only those persons entitled to receive Confidential Information under the terms set forth herein.

4.     Confidential Information designated "CONFIDENTIAL" may not be disclosed to any person other than:

(a)     The Court and Court personnel as allowed or directed by the Court, as well as any mediator or settlement judge that may be retained by the parties;

(b)     Copy services and process servers or attorney service companies retained by counsel for the parties for the preparation of this action;

(c)     The parties and their employees who have a need to know of such

1 | information;

2 |         (d)    In-house or outside attorneys for the parties, and those attorneys' respective
3 | employees;

4 |         (e)    Certified court reporters and videographers transcribing or filming
5 | depositions or testimony involving such Confidential Information;

6 |         (f)    Experts or consultants of a party, provided the requirements of Paragraphs 5
7 | and 6 of this Order are met; and

8 |         (g)    A non-party witness who may be examined and may testify concerning such
9 | Confidential Information if it appears on its face or from other documents that the witness is the
10 | author or recipient of such Confidential Information or if the non-party agrees to and follows the
11 | procedures outlined in section 6 below.

12 |     5.    Pursuant to Paragraph 4 of this Order, outside experts or consultants retained for
13 | the purposes of this litigation may view Confidential Information provided that review of such
14 | Confidential Information is necessary for such expert or consultant to render his or her opinion.

15 |     6.    Before a receiving party discloses a designating party's Confidential Information to
16 | any expert, consultant or non-party witness, the expert, consultant or non-party witness must
17 | certify that he or she has read this Order and manifests his or her assent to be bound thereby by
18 | signing a copy of the "Certification," the form of which is attached hereto as Exhibit A. Once a
19 | person who signed the "Certification" terminates his or services in this litigation, he or she shall
20 | return all Confidential Information to the party that retained him or her. Once a person has
21 | terminated services in this litigation, he or she will no longer be allowed access to Confidential
22 | Information unless he or she executes a new "Certification." Each "Certification" executed by an
23 | expert or consultant, non-party witness or employee, officer or director of a party shall be retained
24 | by counsel for the receiving party, and need not be produced to the designating party during the
25 | litigation except as necessary in the case of a dispute concerning a violation of this Order. Within
26 | ten (10) days after the conclusion of the litigation, whether by dismissal, judgment, or settlement,
27 | counsel retaining executed Certifications shall deliver to opposing counsel true and correct copies
28 | of all such Certifications, which information shall be utilized by the parties and/or their counsel to

1   enforce the terms of this Order. Witnesses who are shown Confidential Information shall not be
2   allowed to retain copies of the Confidential Information and it is the responsibility of the
3   designating party to obtain the return of documents containing Confidential Information or to
4   confirm the destruction of any documents that contain Confidential Information.

5       7.      Nothing herein shall prohibit a party or its counsel from disclosing a document
6   designated "CONFIDENTIAL" to the author or recipient of such document or to a person who is a
7   current officer or director of the same company as the author or recipient.

8       8.      Confidential Information shall be used only for the purpose of this action; any
9   action that becomes connected, by Court Order, to this action; or any other action for which the
10  parties hereto agree in writing; and shall not be disclosed or used by person other than those
11  permitted access pursuant to Paragraphs 4, 5, and 6 herein.

12      9.      Each individual who receives any Confidential Information hereby agrees to
13  subject himself or herself (a) to the jurisdiction of this Court for the purpose of any proceedings
14  relating to the performance under, compliance with, or violation of this Order, and (b) to the
15  applicable provisions of the California Code of Civil Procedure, California Rules of Court, and the
16  Local Rules of the Superior Court of San Francisco for the purposes of all discovery, including
17  depositions in this matter. The recipient of any Confidential Information that is provided under
18  this Order shall maintain such information in a secure and safe area and in a manner which ensures
19  that access to Confidential Information is strictly limited to persons entitled to receive
20  Confidential Information in accordance with the provisions of this Order.

21      10.     No person shall attend portions of depositions during which Confidential
22  Information is disclosed unless such person is an authorized recipient of Confidential Information
23  under the terms of this Order. If, during the course of a deposition, the response to a question
24  would require the disclosure of Confidential Information, the witness may refuse to answer or the
25  party whose Confidential Information would be disclosed may instruct the witness not to answer
26  or not to complete his answer, as the case may be, until any persons not authorized to receive
27  Confidential Information have left the room.

28      11.     Any court reporter or videographer who transcribes or videotapes testimony in this

1  action at a deposition shall be required to agree, before transcribing or videotaping any such
2  testimony, that all information designated Confidential Information shall not be disclosed except
3  as provided in this Order, and that copies of any transcript, reporter's notes, videotapes, or any
4  other transcription records of any such testimony will be retained in absolute confidence and
5  safekeeping by such reporter or videographer or shall be delivered to an attorney of record or filed
6  under seal with the Court. The party designating information or documents attached to the
7  deposition record as confidential shall be responsible for notifying any court reporter or
8  videographer of these obligations.

9       12.     With respect to discovery motions, the parties agree that when filing or opposing a
10  motion for discovery, counsel must file under seal any Confidential Information as well as any
11  material setting forth the substance of that material. Counsel must deliver such Material and
12  materials to the Court in a sealed envelope clearly marked as "CONFIDENTIAL—TO BE FILED
13  UNDER SEAL."

14       13.     With respect to papers filed with the Court other than with respect to discovery
15  motions (a "Substantive Motion"), the parties agree as follows:

16       (a)     When filing or opposing a motion related to a Substantive Motion, counsel
17  must lodge conditionally under seal any Material designated as "Confidential" as well as any
18  materials setting forth the substance of that Material. (Cal. Rule of Ct. 2.551(b)(3).) Counsel
19  must deliver such material and materials to the Court in a sealed envelope clearly marked as
20  "CONFIDENTIAL—CONDITIONALLY UNDER SEAL" and meet the requirements of
21  California Rules of Court Rule 2.551(b)(4). At the time of the filing or lodging, the party making
22  the filing or lodging must notify all parties and the person or entities who designated lodged
23  Materials as "Confidential" of the lodging and provide a copy of the relevant Materials.

24       (b)     The party lodging the Material designated as "Confidential" is not required
25  to file a motion to seal the record. Any party with an interest in maintaining the confidentiality of
26  the Material shall file a motion to seal under California Rules of Court Rule 2.551(b).

27       (c)     Any motion to seal must be heard prior to or at the same time as the related
28  Substantive Motion. Any motion to seal may be brought on shortened notice. In the absence of a

-7-         CV 11-05099 LHK
STIPULATED PROTECTIVE ORDER

1  contrary agreement among counsel, motions to seal must be filed no later than seven (7) calendar

2  days before the hearing on the Substantive Motion and any opposition must be filed no less than

3  three (3) calendar days before the hearing on the Substantive Motion.

4     14.   Notwithstanding any other provision of this Order to the contrary, the

5  confidentiality obligations of this Order shall not apply, or shall cease to apply, to any information

6  that:

7        (a)   At the time of disclosure hereunder, was already lawfully in the possession

8  of the receiving party and was not acquired under any obligation of confidentiality; or

9        (b)   At the time of disclosure hereunder was, or subsequently becomes, through

10  no fault of the receiving party, a public document or publicly available.

11     15.   Nothing in the provisions of this Protective Order shall prevent a designating party

12  from using its own Confidential Information in any manner such designating party desires subject

13  to any other party's rights who has an interest in the documents.

14     16.   Nothing in the provisions of this Protective Order shall be deemed to preclude any

15  party from seeking and obtaining, on an appropriate showing, such additional protection with

16  respect to Confidential Information as that party may consider appropriate.  Any party which

17  reasonably disputes the designation of any information as "Confidential Information" pursuant to

18  this Order may challenge that designation at any time in writing after receiving notice of the

19  designation.   The parties will try first to resolve such dispute on an informal basis before

20  presenting the dispute to the Court by motion or otherwise.  In the event that informal resolution is

21  not achieved, any party wishing to protect documents or information under this Order may file a

22  motion with the Court after ten (10) days of receiving the challenge in writing.  In the event a

23  motion is timely filed pursuant to this paragraph, the Confidential Information in question shall

24  remain subject to this Order until the Court rules on the motion.

25     17.   All provisions of this Order restricting the communication or use of Confidential

26  Information shall continue to be binding after the conclusion of this action, including all appeals,

27  unless otherwise agreed in writing by the parties or ordered by the court. If within thirty (30) days

28  of the conclusion of the litigation, including all appeals, the designating party notifies the

1 receiving party in writing that it wants all Confidential Information to be returned or destroyed,
2 then within thirty (30) days of receiving the written notification, any document or thing, other than
3 attorney work product, which contains Confidential Information of a party and all copies made
4 thereof, including any copies provided to any other persons, shall be returned to the conveying
5 party from whom it was obtained or destroyed at the option of the receiving party. If a party
6 destroys, rather than returns, Confidential Information, that party shall certify in writing that such
7 documents have been destroyed, and serve via e-mail, mail, overnight delivery, facsimile, or
8 personal service such certification on all parties within thirty (30) days of the above written
9 notification. At the conclusion of this litigation, including all appeals, counsel for the parties shall
10 maintain the confidentiality as specified in this Order of all work product materials containing
11 Confidential Information, and shall not use Confidential Information for any other purpose.

12      18.     In the event any person or party to this Order receives a court order or subpoena for
13 documents that have been designated "CONFIDENTIAL," such person or party shall promptly
14 notify the attorneys of record of the party or non-party claiming such confidential treatment of the
15 document sought by such subpoena or other process or order, shall furnish those attorneys of
16 record with a copy of said subpoena or other process or order, and shall not interfere with respect
17 to any procedure sought to be pursued by the party or nonparty whose interests may be affected.
18 The party or nonparty asserting the confidential treatment shall have the burden of defending
19 against such subpoena, process, or order. The person or party receiving the subpoena or other
20 process or order shall, once sufficient notice to all interested parties and a reasonable opportunity
21 (but in no case less than ten (10) days after notice) to object has been given, be entitled to comply
22 with it except to the extent the party or nonparty asserting the confidential treatment has filed for
23 or succeeded in obtaining an order modifying or quashing the subpoena. In the event the return or
24 response date for any such subpoena or the compliance date for any such order is less than ten (10)
25 days after service thereof, the party receiving the subpoena or order shall:  (1) request an extension
26 of the return or compliance date, and (2) advise the opposing party immediately of such return or
27 compliance date.   In the event an extension is not granted by the subpoenaing party, the
28 Designating Party shall apply *ex parte* for relief from the court.

1    19.    This Order shall be without prejudice to the right of any party to oppose production

2  of any information on any ground allowed under the California Code of Civil Procedure.

3    20.    Nothing herein shall be deemed to waive any applicable privilege or work product

4  protection.

5    21.    No party to this action, by entering into this Order, by designating certain

6  information under this Order, or by acquiescing in any other party's or third-party's such

7  designation, shall be deemed to have admitted anything relative to the confidential status and/or

8  trade secret status of such information.

9    22.    The designation of confidentiality is not admissible before any trier of fact.

10    23.    This Court retains jurisdiction even after termination of this action to enforce this

11  Order and to make such deletions from or amendments, modifications, and additions to the Order,

12  as stipulated by the parties and as the Court may deem appropriate from time to time.  Any party

13  for good cause may apply, before or after termination of this action, to the Court for a

14  modification of this Order.

15    24.    This Protective Order may be executed in counterparts.

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2      STIPULATED and AGREED TO:

3      Dated: April __9__, 2012                    PRATT & ASSOCIATES

4
                                                    By: _Pierce Gore_
5                                                       Pierce Gore
6                                                       Attorneys for Plaintiffs
                                                        MARK HOLCOMB and
7                                                       KAY HOLCOMB

8      Dated: April __6__, 2012                    HANSON BRIDGETT LLP

9                                                   By: _____
10                                                     Emily M. Charley
                                                       Attorneys for Defendants
11                                                     MACY'S, INC., MACY'S CREDIT AND
                                                       CUSTOMER SERVICES, INC., AND
12                                                     DEPARTMENT STORES NATIONAL BANK

13

14
       PURSUANT TO STIPULATION, IT IS SO ORDERED.
15

16     DATED: ____April 11____, 2012
17

18
                                                    _Lucy H. Koh_
19                                                  Hon. Lucy H. Koh
20                                                  United States District Judge

21

22

23

24

25

26

27

28

**Exhibit A**

CERTIFICATION

I, _____ (print or type name), hereby certify that I have read the "Stipulated Protective Order" in the action entitled *Mark and Kay Holcomb v. Macy's, Inc., Macy's Credit and Customer Services, Inc. and Department Stores National Bank,* CASE NO. C11-05099 prior to receiving any Confidential Information as defined therein, that I understand the terms and effect of that Order, and that I agree to be bound thereby. I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California, San Jose Division in connection with that Order.

I understand that all Confidential Information, as defined in the Order, including, but not limited to any copies thereof or notes or other transcriptions made therefrom, shall be maintained in a secure manner and shall be returned upon termination of my services in this action within 30 days following the termination of this litigation, including all appeals.

I declare the foregoing under penalty of perjury under the laws of the State of California.

DATED: _____     SIGNED: _____